JOHN MAHER, *et al.*, Appellants, v. STEPHEN SHENHALL, *et al.*

**Practice.** Where the evidence upon which the report of boundary commissioners is not presented, an order denying to set the report aside because of erroneous findings, will not be disturbed.

SAME. Refusing leave to introduce additional but cumulative testimony, is in the discretion of the court.

NEW TRIAL. A new trial will not be granted because commissioners appointed to make a survey, hear evidence, and report their doings in a proceeding to establish a disputed boundary line, proceeded upon the hearing without giving plaintiffs notice, where plaintiffs were present in person and by attorneys at the time of the hearing.

*Same.* A new trial will not be granted on the ground that plaintiffs were not allowed sufficient time to produce their evidence before commissioner appointed to hear evidence and report their doings, where they did not ask for any more time than was given or object to the closing of the case at the time it was done.

*Same.* A new trial will not be granted because commissioners appointed to hear evidence and make a report demand excessive fees from plaintiffs before allowing them to introduce their testimony, where such fees were paid and the testimony introduced.

*Same.* The integrity of a report of commissioners appointed to hear evidence and report is not affected by the fact that it was made out in the office of the attorney for one of the parties.

**Practice Supreme Court.** A statement in the reply argument of appellants, that they have filed in the appellate court a full transcript of all the proceedings below, including all the evidence, and that all the material evidence is referred to in the original argument by reference to the pages of the transcript, will not take the place of a statement in the abstract that it contains all the evidence.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

THURSDAY, JANUARY 23, 1896.

This is a proceeding to establish and fix certain disputed corners and lines separating the lands owned by the parties to the suit, under the provisions of McClain's Code, sections 4507-4510. The court referred the matter to commissioners, to make survey, hear evidence, and report their doings. These commissioners undertook the performance of their duties, and afterwards made a report to the court, recommending the establishment of lines and corners as claimed by the defendants. The plaintiffs filed a motion to set aside this report, and for leave to introduce additional testimony, and for a new trial. These motions were overruled, and a decree was passed confirming the report of the commissioners. Plaintiffs appeal.— *Affirmed.*

*E. W. Robey* for appellants.

*Hutchinson & Van Osterhout* for appellees.

Deemer, J.—It appears from the report of the commissioners that they heard the evidence of various witnesses who were produced before them, and that their report was largely, if not wholly, based upon the

evidence adduced by the respective parties. It also appears that the court heard evidence before passing upon the commissioner's report. It does not appear from the abstract that any of this evidence was preserved by proper bill of exceptions, or otherwise, and no part of it is included in, or set out in, the printed record which comes to us. The motion to set aside the report of the commissioners is based exclusively, we may say, on the ground that the commissioners erred in their findings on the evidence admitted before them. It is manifest that we cannot review the questions presented, in the absence of the evidence on which they acted. The motion for leave to introduce additional testimony was properly overruled, because it is apparent from the report of the commissioners that such evidence was cumulative, or, if not cumulative, there is nothing to indicate an abuse of discretion on the part of the trial court.

The plaintiffs also filed a motion for a new trial, based upon certain alleged errors of the trial court, and also upon certain irregularities and improprieties on the part of the commissioners. We have already indicated our views on the regularity of the proceedings of the trial court, and we conclude by saying that no such misconduct on the part of the commissioners is shown as to justify the setting aside of their report, even if it be conceded that it could be accomplished by a motion for a new trial,—a point which we do not at this time decide. The alleged misconduct of the commissioners is:

(1) That they proceeded upon the hearing without giving the plaintiffs notice thereof. This objection is met by a statement in appellants' own showing that they were present, in person and by attorney, at the time of the hearing.

(2) That the time allowed plaintiffs to produce their evidence was not sufficient. It is not shown, however, that plaintiffs asked for any more time than was given, or that they in any manner objected to the closing of the case at the time it was done.

(3) That the commissioners' report was made in the office of the attorney for the appellees. This, if true, does not affect the integrity of the report.

(4) That they demanded excessive fees from the plaintiffs before allowing them the privilege of introducing their testimony. The evidence shows, however, that the fees were paid, and plaintiffs were allowed to introduce their testimony.

(5) That there were no arguments made or waived by plaintiffs or defendants, or their attorneys at the time of the submission. The record does not show that plaintiff's counsel asked to be heard in argument before the commissioners. On the contrary it does appear that plaintiffs' counsel had some argument with them before they presented their report.

But, aside from all this, the evidence heard before the court on the motion for new trial—some of which, at least, was in the form of affidavits—was not preserved by bill of exceptions, or otherwise, and the abstract does not purport to contain all the evidence on which the court acted in ruling on the motion for a new trial. We must assume, in the absence of all showing to the contrary, that the court had sufficient testimony before it to justify its finding.

Counsel discuss the question as to whether the commissioners' report is to be treated as the verdict of a jury, and as to whether it can be set aside or modified, except for passion or prejudice. In view of the condition of the record, we are not required to pass upon these questions.

Appellants, in their reply argument, say they have filed in this court a full transcript of the proceedings in the court below, including all the evidence adduced before the commissioners. They also say that all the material evidence given by the witnesses is referred to in their original argument by reference to the pages of the transcript where it is found. Under our rules, neither of these things, if true, is sufficient to present the case. The condition of the record is such that we cannot consider the case on its merits, and the judgment is *affirmed*.