STATE OF IOWA v. HENRY J. VAN VLIET, Appellant.

97  387
98  592
97  387
103  452
97  387
127  692

**Evidence: WITNESS.** The impeachment of a witness, by evidence of his bad character, does not absolutely destroy the credibility of the witness and his testimony, but the jury may consider it, if it is sustained by other corroborating evidence, or if, for any other reason they believe that he testified truly.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

TUESDAY, APRIL 7, 1896.

INDICTMENT for nuisance. Verdict of guilty, and the defendant appealed.—*Affirmed.*

*Warren & Van Vliet* for appellant.

*Milton Remley*, attorney general, for the state.

GRANGER, J.—The defendant is charged with maintaining a place for the sale of and with selling intoxicating liquors. Testimony was introduced tending to impeach some of the witnesses for the state. The court, touching the question of impeachment, gave the following instruction: "No. 4, A witness may be discredited by impeaching evidence; that is to say, that his general reputation for truth and veracity in the neighborhood where he resides is bad, or that his general moral character in such neighborhood is bad. But you are not required to wholly disregard the testimony of a witness, simply because he has been impeached by showing that his general reputation for truth and veracity, and his general moral character is bad. *If the evidence of such witness is sustained by other corroborating evidence, or if for any other reason you believe that what such witness testified to is true, then you are not to wholly disregard it, and the degree of credit and weight to be given to the testimony of such witness, if any, as well as the credit and weight to be given to the testimony of each and all witnesses, are matters to be determined by the jury, and the jury alone, in view of all the evidence and all the facts and circumstances proved and established on the trial of the cause.*"

Appellant complains of the italicized portions of the instructions, and contends that the legal effect of an impeachment is to absolutely destroy the credibility of the witness and his testimony. We think the question has been definitely settled in this state. In *Green v. Cochran*, 43 Iowa, 544, this court held that an instruction to the effect that an impeached witness, unless corroborated, was entitled to no credence and weight with the jury, did not express the law; and

the court said: "We think that an impeached witness may testify so consistently, and may deport himself in such manner, and may be so corroborated, as to material points, that the jury might feel justified in believing him upon some point in which he is not corroborated." This rule was followed in *State v. Larson*, 85 Iowa, 659 (52 N. W. Rep. 539); and see, also, *McMurrin v. Rigby*, 80 Iowa, 322 (45 N. W. Rep. 877). These cases so conclusively settle appellant's contention, that there is no occasion for elaboration. We see nothing in the instruction not in harmony with the recognized rule on this subject. The judgment is AFFIRMED.