## C. C. CROWELL v. R. F. McGOON, Appellant.

**Instructions.** A requested instruction as to the wrongfulness of an attachment which singles out some of the evidence and states that it would not justify the attachment, is properly refused.

**HARMLESS ERROR.** An order in the charge in reference to the damages to be assessed in the event an attachment was found to be wrongful is not prejudicial where it is found that the attachment was rightful.

**Impeachment.** An instruction that the jury has the right to disregard the testimony of a witness whose reputation for truth and veracity, is bad, except where corroborated, is erroneous, since a partial corroboration is sufficient to justify the jury in believing him on points as to which he is not corroborated.

**Misconduct of Judge.** After counsel had taken much time in attempting to introduce evidence which had been ruled out, and had been cautioned against incumbering the record with irrelevant matter, the court stated that a question which he asked should not be taken down, and that no more questions on that point would be allowed, since the record on that issue was complete. *Held*, not prejudicial.

*Appeal from Fayette District Court.*—HON. L. E. FELLOWS, Judge.

TUESDAY, OCTOBER 11, 1898.

ACTION at law to recover damages of defendant for failure to take and pay for certain corn sold him by the plaintiff. The action was aided by an attachment. Defendant, in answer, claimed that he had purchased three thousand bushels of corn of plaintiff, which he (plaintiff) refused to deliver. He also pleaded a counterclaim for the wrongful

suing out of the attachment; and asked damages for breach of contract and the wrongful suing out of the writ. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed*.

*C. H. Quigley, Ainsworth & Ainsworth* and *Hoyt & Hancock* for appellant.

*Wm. E. Fuller* and *D. W. Clements & Son* for appellee.

DEEMER, C. J.—After the attachment was levied, the plaintiff filed a motion, under section 4237 of McClain's Code, stating that the property levied upon, which was one thousand two hundred bushels of corn, was subject to decay and waste, and was likely to depreciate in value; and asking that the same be sold by the sheriff, and the proceeds held to await the determination of the suit. Defendant resisted this motion, and, after considering the affidavits filed, the court overruled it. In its instructions, the court charged that, as defendant resisted the motion to sell, he was not entitled to recover any damages, due to depreciation in the value of the corn since the resistance was filed, as the uncontradicted evidence showed that it was at that time of the same market value as it was on the day it was attached. This instruction is complained of. Sufficient answer to this contention is found in the fact that the jury found specially that the attachment was not wrongfully sued out. If the attachment was properly issued, an error in the charge with reference to the damages to be assessed in the event the attachment was found to be wrongful was without prejudice. *Mayne v. Bank,* 80 Iowa, 710.

II. A number of unsatisfied mortgages executed by defendant upon certain personal property appeared upon the records of Fayette county; and these mortgages were introduced in evidence by plaintiff. Defendant offered to show that some of them had been paid, and that others did not in fact represent any indebtedness. This the court would not

permit him to do, unless he would further show that plaintiff had knowledge of the facts at the time he sued out the attachment. The ruling is not seriously complained of, but it is said that the court made remarks in passing upon the objections interposed which were prejudicial to plaintiff's case. These remarks were generally made in answer to counsel's claim, and were in no sense erroneous or prejudicial. After counsel had taken much time in an endeavor to introduce evidence which the court had held to be irrelevant, the court, after cautioning counsel against incumbering the record, finally said: "Do not take down that question in evidence. If it is in regard to getting the residence of these parties, I will make the order that no more questions in regard to the residence of these parties will be permitted to be asked. I will not permit the record to be incumbered further with that class of questions. There is not any question, and no lawyer would claim but what you have got a complete record, that will cover every question in regard to that, and you want to stop there. We cannot spend time here uselessly. The court has held that the plaintiff was not bound to make inquiries of these parties, and it does not make any difference where they live, and that makes your record." Viewing these remarks in the light of the previous record, we think there was no error.

III. Appellant asked an instruction in these words: "If you find from the evidence that the general reputation of any witness for truth and veracity is bad in the community in which he resides, you have the right to disregard his evidence, except where he is corroborated. The instruction was properly refused. *McMurrin v. Rigby*, 80 Iowa, 522; *State v. Larson*, 85 Iowa, 659.

IV. Another instruction asked by appellant was properly refused, for the reason that it singled out some of the evidence, and said that this evidence would not justify plaintiff in resorting to an attachment. The question as to the wrongfulness of the attachment was submitted under proper instructions.

V.   Again, it is said the evidence shows without conflict
that the writ was wrongfully sued out.    We cannot agree to
this proposition.    The evidence was in conflict, and the jury
was justified in finding that the writ was not wrongfully sued
out.    We discover no prejudicial error and the judgment is
AFFIRMED.