FRANK JORGENSEN, Appellee, v. LOUIS ALFRED COCKLIN, Appellant.

No. 42781.

APRIL 2, 1935.

Bryant & DeWitt and G. C. Dalton, for appellant.

William A. Day and Tom C. Smith, for appellee.

Parsons, J.—Plaintiff is a traveling salesman, and defendant, who does business under the trade name of Laco Oil Burner Company, was sued by plaintiff in a petition filed October 27, 1933, for a breach of contract of employment between the parties, the contract being in writing and calling for the payment of $2,200 a year to the plaintiff. The written contract read as follows:

"Mr. Frank Jorgensen,
"Griswold, Iowa.
"Dear Sir:

"This letter indicates that there has been an agreement made between the Laco Oil Burner Company and Frank Jorgensen.

"Mr. Frank Jorgensen is to work for the Laco Oil Burner Co. between the time of May 20, 1929, to May 20, 1930, for the sum of $2,200.00. It is understood that the Laco Oil Co. furnishes conveyance and pays the traveling expenses while Mr. Jorgensen is away from Griswold. The Laco Oil Burner Co. agrees to pay the $2,200 in twelve equal payments. The traveling expenses are to be paid as they accrue.

"Mr. Jorgensen agrees to do any kind of work or service to further the Laco Oil Burner Co.

"This has been accepted and signed by both parties concerned.
                              "Per    [Signed]    L. A. Cocklin
                                      "[Signed]    Frank Jorgensen."

The defendant in his original answer made a general denial, but admitted that on or about May 20, 1929, the plaintiff and defendant entered into a written memorandum; but denied that the said written memorandum was the entire contract between the parties. In the first amendment to the answer filed, defendant alleges that he entered into an oral agreement with the plaintiff to employ the plaintiff from May 20, 1929 to May 20, 1930, for the sum of $2,200, to be paid in twelve equal payments; and then sets forth that there was on old balance due from plaintiff for his previous employment, and this was to be deducted from plaintiff's salary, but that no deductions were made until December 20, 1929. For his second amendment the defendant set forth the following:

"That commencing on or about the first day of July, 1926, the plaintiff worked on commission for the defendant herein until on or about the first day of January, 1927. Plaintiff was during this period working on commission and the defendant from time to time during said period advanced to the plaintiff certain sums of money and that when the plaintiff quit working for the defendant on January 1, 1927, he owed the defendant on commission, being advanced in the sum of $369.94, as shown by the account kept of this account."

It is further alleged that on December 20, 1929, in checking over this account a correction was made and plaintiff was given a credit of $91.66, which left the true account as owing by plaintiff to defendant the sum of $278.28. The defendant then goes on to allege the oral agreement between himself and plaintiff in which he claims it was agreed that the balance due on the old account should be deducted from the monthly payments due under the contract sued on.

Looking over this amendment to the answer, in the first part of it the defendant alleges that the plaintiff owed him the sum of $369.94, as shown by the account kept by the defendant. The court evidently construed the defendant's claim as to the amount owed him by the plaintiff, being payable out of what was coming to the plaintiff, as based entirely upon the alleged oral agreement, and consequently the court submitted it to the jury on this theory, and taking this theory to be correct, the court was right, but we think the first part of count 3, in which it is alleged that the plaintiff owed the defendant, was sufficient pleading of that fact, and it is not made less so from the allegations following in the pleading, but that it is misleading, poor pleading, there can be no question. This third amendment to the answer filed did not change the situation any.

It appeared in the evidence that the plaintiff had worked for the defendant in 1926 up to July 1, 1927, and the defendant testified that the plaintiff owed him on the old account of the previous employment, and that plaintiff commenced his work under the contract sued on, on May 20, 1929, and worked up to December 20 of that year. There was evidence to support the contention of both parties, and at the close of the testimony both parties moved for a directed verdict, and the court overruled both motions, and submitted the matter to the jury, which found for the plaintiff in the

sum of $900. Judgment was entered on this verdict, and an appeal was taken to this court.

The defendant complains of the instructions to the jury, setting out in his motion for new trial and to set aside the verdict, seventeen different complaints, and particularly complains of instruction No. 8, which is as follows:

"In passing upon the claim of the defendant that there was an oral agreement and understanding by and between the defendant and plaintiff at the time the written contract was entered into that certain indebtedness of the plaintiff to the defendant was to be taken from the salary of $2,200 to be paid plaintiff by defendant, you should take into consideration all the evidence received and throwing light thereon, bearing in mind that the defendant is required to establish such oral contract or agreement, and that he must do so by the greater weight or preponderance of the evidence.

"The plaintiff claims that at the time the written contract was entered into he was not indebted to the defendant in any sum.

"Whether the plaintiff was on May 17, 1929, owing defendant the sum of $369.97, and whether or not at the time the written contract was entered into between the plaintiff and defendant, it was orally agreed that such indebtedness might be deducted by defendant from the salary of plaintiff, as contracted for, are questions of fact for your determination, and in making such determination you are to consider all evidence received and throwing light thereon, how and when the plaintiff became indebted to the defendant, if at all; the nature and extent thereof; the conversations, statements, and declarations made by the plaintiff or defendant, or either of them at the time of the claimed oral agreement.

"Under the issues herein the defendant in order to defeat the claim of the plaintiff as to the breach of the written contract must show that at the time claimed by him, plaintiff was indebted to him for the sum of $369.96 for advanced commissions; and further, that it was orally agreed and understood by and between the parties that the defendant might deduct such debt from the salary to be paid plaintiff under the written contract. If the defendant fail to establish both of such matters as set forth above, then your verdict should be for the plaintiff under the rules heretofore given you."

This instruction, we think, was erroneous, even admitting the proposition of plaintiff that the contemporaneous oral agreement

claimed by the defendant to be allowed to deduct a portion of plaintiff's salary had not been established, and really was a variation of the written contract made contemporaneously and supposed to be included therein. In this we think the court failed to make the discrimination, and the court is not so much to blame for this on account of the attitude taken in the pleadings by the defendant.

But there was enough in the second amendment particularly that the court might and should have properly instructed on the proposition claimed by the defendant, i. e., that if there was owing to the defendant from the plaintiff a balance on the old deal between them, whether or not there was an oral agreement entered into at the time of the contract sued on.

It will be observed by instruction 8 under discussion, that the court makes the whole thing to be determined upon whether or not the oral contract alleged by the defendant was entered into, and that the court fails to instruct the jury as to the effect that should be given to the fact that the plaintiff owed the defendant. In our view of the case, if the plaintiff owed the defendant on an old bill, he would be entitled to deduct the whole or any part of the old bill from any sum he owed the plaintiff, for if the plaintiff brought suit to collect an installment he claimed to be due, the defendant would have the right of counterclaim to the amount which was owing him. So the defendant would have the right of offset without resorting to a suit. In other words, the court in instruction 8 ignored entirely the right of offset of the defendant. Now, in our view, if the plaintiff owed the defendant, and there is evidence to support the contention of both parties, whether there was an agreement or not, the defendant had this right of deduction. and defendant took only half of the salary payable December 20th, giving the plaintiff a check for $91.67, crediting the other half due at that date to the plaintiff to apply on his debt to the defendant. And further, that if such was a fact, that is to say, if the plaintiff did owe the defendant and by reason of the defendant making the offset, the plaintiff elected to consider the contract at an end and quit employment of the defendant, we do not see how he should be able to recover on a contract which he himself breached.

■ Evidence was introduced in the case tending to impeach the defendant in his reputation for truth and veracity and moral character. The court instructed the jury in instruction 12½, in reference to that, as follows:

"The plaintiff has offered evidence regarding the general reputation for truth and veracity of the witness L. A. Cocklin, in Griswold, Iowa, and vicinity, and he claims that the evidence received upon that matter shows that such general reputation at said place is bad. This evidence is to be considered by you in passing upon the credibility of such witness along with other evidence throwing light thereon. If you should find from the evidence that the general reputation for truth and veracity of the witness, L. A. Cocklin, in Griswold, Iowa, and vicinity is bad, then you would have a right to disregard the testimony of such witness."

This instruction was properly excepted to by the defendant in his motion for new trial and exception to instructions, on the ground that by telling the jury that if it should find that the reputation for truth and veracity is bad, the jury would be justified in disregarding his testimony, and it is of a nature to mislead the jury. McMurrin v. Rigby, 80 Iowa 322, 45 N. W. 877; State v. Larson, 85 Iowa 659, 52 N. W. 539; State v. Van Vliet, 97 Iowa 387, 66 N. W. 748; Crowell v. McGoon, 106 Iowa 266, 76 N. W. 672; Mahoney v. Dankwart, 108 Iowa 321, 79 N. W. 134; Doyle v. Burns, 123 Iowa 488, 99 N. W. 195, lay down a different rule.

There are other matters discussed by the parties to the suit, but they are not necessary to be considered for such matters probably would not occur on a new trial.

For the reasons pointed out, the decision is reversed.

ANDERSON, C. J., and HAMILTON, RICHARDS, DONEGAN, and ALBERT, JJ., concur.