JAKE MAIN, Appellee, v. WALTER ELLSWORTH, Appellant.

No. 46840.

JUNE 18, 1946.

REHEARING DENIED SEPTEMBER 23, 1946.

Carl F. Jordan and Charles Penningroth, both of Cedar Rapids, for appellant.

James E. Patterson, of Cedar Rapids, and R. B. Wolfe, of Mount Vernon, for appellee.

MILLER, J.—Plaintiff's petition asserted: On February 24, 1945, defendant maliciously assaulted plaintiff, causing him severe pain, injury, and humiliation, requiring him to pay the sum of $25 for medical attention, disabling him from attending to his business for a period of five days, for which damages plaintiff claimed of the defendant the sum of $500 actual damages and $500 exemplary damages, making a total of $1,000, and for costs. The answer denied that the assault took place and further asserted that, in self-defense and to ward off an attack, defendant pushed and struck plaintiff but did no more than was reasonably necessary to protect him from the plaintiff and defendant asked that plaintiff's petition be dismissed at plaintiff's costs. Trial was had to a jury which returned a verdict in favor of plaintiff for the sum of $1,000. Judgment was entered accordingly and, defendant's motion for new trial being overruled, defendant appeals to this court, asserting eleven assignments of error.

I. Plaintiff testified that he is sixty-four years old, married, and has five children; he was a tenant farmer and had a lease with a Mrs. Hall for a farm about a mile west and a half mile north of Paris, Linn County, Iowa, for the year ending March 1, 1945; they left the farm the latter part of February 1945; on February 23d they finished moving their household goods and on Saturday, February 24th, went back to get the rest of their belongings; they had four head of horses and some farm machinery and some corn there; they arrived about nine o'clock in the morning; plaintiff's boys went to load some machinery on a truck and plaintiff under-

took to curry the horses; defendant, who was a brother of Mrs. Hall, came up to plaintiff and commenced calling him names; he came back a second time but nothing was said by either one; the third time he came back plaintiff was picking burrs off the tail of a horse; defendant was carrying a board and took a swing at plaintiff; plaintiff put up his hands to protect his face and staggered back against some harness hanging from a wall; defendant struck plaintiff; plaintiff grabbed the board; defendant then started pounding plaintiff in the face, struck him a dozen to twenty times with his fist, bruising his head and lower jaw; plaintiff called for the boys and they came into the barn; defendant did not strike plaintiff any more but continued to call plaintiff names; defendant picked up a shovel but one of the boys jerked it out of his hands. Plaintiff testified that he did not strike defendant.

Defendant testified that he is a retired farmer, fifty-seven years old; that he had loaned plaintiff a disk; prior to the altercation something was said about buying it but nothing was said about returning the disk until the morning that the trouble came up; defendant went down to the barn where plaintiff was currying a horse and asked plaintiff, "Where is our disk?" and plaintiff said, "When you pay me for the repairs on the disk, you can have it"; that was the first demand made for repairs on the disk; defendant asked about his sister's tractor plow and plaintiff said when his sister paid for the repairs on that she could have it; defendant said, "If you take those off the place we will send the Sheriff after it"; defendant started to walk by plaintiff; plaintiff started to cuss him; as defendant walked by plaintiff, plaintiff struck him; defendant hit him back; plaintiff called for the boys and they came to separate them.

There was a great deal of other evidence, of course, but the foregoing illustrates the essential claims of the two parties.

■ Defendant's first assignment of error challenges the court's sustaining of an objection to a question propounded to plaintiff on cross-examination which sought to inquire whether there had been any trouble between plaintiff and Mrs. Hall, plaintiff's landlady and defendant's sister, prior to the altercation with defendant. The objection was that it was not

proper cross-examination, irrelevant, immaterial, and foreign to any issue.

The argument here made is that, because Mrs. Hall was a sister of the defendant, the inquiry sought to disclose the background of the relationship of the plaintiff and the defendant as tending to disclose intent, motive, or disposition of the defendant. Defendant relies upon certain language appearing in State v. Schumann, 187 Iowa 1212, 1219–1221, 175 N. W. 75, 78. That was a criminal prosecution for assault with intent to commit great bodily injury. The prosecuting witness was asked, "Had there been trouble between you and Wilhelm Schumann prior to that time?" He answered, "Over the espionage matter; yes, sir." This answer was stricken. When the witness was asked to answer the question yes or no, objection thereto was sustained. On appeal to this court the conviction was affirmed. In the course of the opinion it is indicated, however, that the inquiry had a bearing on the intent of the defendant, that the ruling was error but that it should not be regarded as prejudicial. There the inquiry was concerning trouble between the prosecuting witness and the defendant. Here the inquiry is concerning trouble between the plaintiff and the defendant's sister. In West Chester Sav. Bk. v. Dayton, 217 Iowa 64, 67, 250 N. W. 695, 697, we stated:

"Relevancy of evidence is dependent upon probative value. There must be some logical relationship between the fact offered in evidence and the fact sought to be proved before the offered evidence is relevant."

While the inquiry involved herein may have had some bearing on the background of the obvious animosity between plaintiff and defendant herein, the record does not show such probative value of the evidence solicited as to demonstrate any reversible error in the ruling complained of.

II. Defendant's second assignment of error is based upon the following record made in the course of the original examination of the defendant as a witness in his own behalf, to wit:

"Q. Did you try to disengage him from his hold on you? Mr. Patterson: Objected to as leading and suggestive. The Court: It is a little leading. (Defendant excepts.)"

The complaint here made is that this testimony had an important bearing on the issue of self-defense presented by the defendant. However, the only objection made was that the question was leading. We are not disposed to hold that the court abused its discretion in the ruling made. If the evidence was important, it could have been elicited by asking a question not subject to the objection that it was leading.

III. Defendant's third, fourth, fifth, and sixth assignments of error arise by reason of a refusal of the court to permit Mrs. Hall, plaintiff's landlady, who lived in Fairfax, Iowa, to testify that she knew the plaintiff's reputation for truth and veracity and that the same was bad. The objection was based upon the contention that no proper foundation had been laid and the witness was not qualified. We take judicial notice of the fact that Fairfax is located in the extreme southwestern corner of Linn county and that Paris is in the extreme northern part of the county. Mrs. Hall testified that she had known plaintiff a little over a year and, in looking after her interests at the farm, she had had contact with various people in that vicinity during the past year. The court held that this was not adequate foundation for her to testify as to plaintiff's general reputation for truth and veracity in the community around Paris. We are disposed to the view that the evidence was very meager for the purpose of laying such a foundation, and, as it was cumulative, we are satisfied that there was no such abuse of discretion which would warrant or require a reversal at our hands. Maher v. Shenhall, 96 Iowa 634, 636, 65 N. W. 978; State v. Norman, 135 Iowa 483, 486, 113 N. W. 340.

IV. Defendant's seventh assignment of error challenges the refusal of the court to strike the testimony of plaintiff's witness, Clifford E. Butters, who testified in rebuttal that plaintiff's reputation for truth and veracity was good. The witness had testified that he lived at Central City and had lived there all his life. We take judicial notice of the fact

that Central City is about five miles from Paris. The witness had also testified that he ran a general store and had operated it for forty years; that plaintiff was a regular customer at the store and traded there regularly each week during the year that he occupied Mrs. Hall's farm; that he based his answer on what he knew about the plaintiff and what he had learned by reason of his being a customer. While the foundation might have been more expertly laid, we find no such abuse of discretion on the part of the trial court as would warrant or require a reversal.

█ V. Defendant's eighth assignment of error arises by reason of the court's overruling a motion, made at the close of all the evidence, to take from the jury all claims for medical expenses because the doctor testified that his bill of $25 included two calls made in preparation of the case for trial, and there was not any evidence upon which the jury could fix the value of the first two calls. The doctor had testified as follows:

"I gave the patient a fibrogen injection to stop the hemorrhage and anti-tetanus injection of serum,—that is for lockjaw; and dressed lacerations on face and gave him sedatives for rest and pain. * * * Blood pressure at that time was 150/80. Saw patient on February 26th, March 20th, April 9th, and 21st, 1945. I dressed his face with antiseptic dressings so it would heal and no infection might develop. I saw him four times. I charged him $25 for my services."

On cross-examination the doctor testified as follows:

"I saw this man for the last time on April 21. That was an examination I made in order to prepare myself to testify in this case. On February 26 and February 28, I gave him medical treatment. On March 20 I checked him because they wanted me for this lawsuit. The two treatments I gave the man were on the 26th and 28th. * * * He responded very well to the treatments that I gave him. I made a total charge for services of $25.00. That included the last two items."

The jury, of course, were not bound by the doctor's statement of what his charge was. Plaintiff was entitled to recover

the reasonable value of the medical services rendered because of his injuries. The doctor testified to the type of treatments given. We think that there was some evidence from which the jury could grant some measure of recovery for medical treatment. The court instructed them that they might allow the plaintiff "such reasonable sum, if any, as shown by the evidence the plaintiff became obligated to pay for medical attention for any injuries, if any, but no allowance can be made for examinations by a physician for the purpose of testifying in this case, and in no case in excess of $25.00." In view of the record made and instruction given, we find no merit in defendant's contention. Lampman v. Bruning, 120 Iowa 167, 171, 94 N. W. 562.

VI. Defendant's ninth assignment of error is based upon the fact that defendant requested the court to advise the jury:

"You are instructed that under the circumstances in this case, there was no duty on the part of the defendant to run or retreat when attacked."

This instruction in effect would have told the jury that, under the circumstances of the case, defendant was attacked. That would have been a direction by the court on an issue of fact that was in dispute. The court did instruct the jury on the issue of self-defense as follows:

"In connection with this defense it is the law of the state that if one is assaulted he is justified in using in self-defense such force, and only such force, as reasonably appeared to him to be necessary at the time to protect him from injury."

This instruction is directly supported by our pronouncement in the case of Moran v. Martinson, 164 Iowa 712, 717, 146 N. W. 841, 842, wherein we stated:

"The right of self-defense and that he so acted were raised by the answer of the appellant, and there was proof tending to sustain it. That right arises when one has been assaulted; and he is permitted to use such force and no more as to him then appeared reasonably necessary to protect him-

self from imminent injury. State v. Jones, 89 Iowa, 186; State v. Weston, 98 Iowa, 130; State v. Smith, 100 Iowa, 1.''

We find no merit in defendant's contention.

VII. Defendant's tenth assignment of error complains of the refusal of the court to advise the jury as follows:

''You are instructed that if a witness is successfully impeached, you are justified in disregarding his testimony entirely unless it is corroborated by the testimony of other witnesses.''

This requested instruction is based upon certain language appearing in the case of Foster v. Crisman, 165 Iowa 189, 192, 144 N. W. 1021, 1022, wherein, in affirming a decree which was based upon decision of a disputed question of fact, this court stated:

''Humble was impeached. Fiedler was better sustained than he was impeached. The evidence of an impeached witness is entitled to no weight unless corroborated by other credible evidence. Humble is corroborated in some particulars.''

The requested instruction is based upon the third sentence of the quotation from the Foster case. That sentence referred to consideration of evidence in a case tried de novo before this court.

In cases tried to a jury, this court has expressly held that it would be error to instruct the jury as defendant here requested. McMurrin v. Rigby, 80 Iowa 322, 328, 45 N. W. 877; State v. Larson, 85 Iowa 659, 665, 52 N. W. 539. In the case of Crowell v. McGoon, 106 Iowa 266, 268, 76 N. W. 672, 675, this court followed the two cases last cited and held that a request for an instruction such as here made by defendant was properly refused. See, also, Jorgensen v. Cocklin, 219 Iowa 1103, 1108, 260 N. W. 6, and cases cited therein; State v. Voelpel, 208 Iowa 1049, 226 N. W. 770; State v. Van Vliet, 97 Iowa 387, 66 N. W. 748; State v. Miller, 53 Iowa 209, 4 N. W. 1083. In view of the definite pronouncements of this court on the question that was here presented

to the trial court we find no merit in defendant's contention regarding this requested instruction.

VIII. Defendant's eleventh and final assignment of error challenges the giving of Instruction No. 10, relating to the effect to be given by the jury to the evidence which tended to impeach the plaintiff's credibility as a witness. The objection to the instruction is that it did not contain the sentence which was requested. Under the authorities cited in Division VII, supra, we hold that the exception to the instruction No. 10 was properly overruled.

By reason of the foregoing, the cause is—Affirmed.

All JUSTICES concur.