Joy Gene Wander, appellant, v. James Brady, appellee.

No. 49985.

(Reported in 105 N.W.2d 86)

SEPTEMBER 20, 1960.

REHEARING DENIED NOVEMBER 18, 1960.

Duffield, Pinegar & Spencer, of Des Moines, for appellant.

Gibson, Stewart & Garrett, of Des Moines, for appellee.

THORNTON, J.—This is an intersection collision case. The collision occurred about 9 a.m. on July 4, 1958, at the intersection of Alleman and Slater Roads in Polk County. The intersection is 3½ miles west of Alleman and four miles south of Slater. Alleman Road runs east and west. Slater Road runs north and south. Both roads were surfaced with gravel and each fairly level at the intersection; south of the intersection on Slater Road is a slight incline. There were no stop signs at the intersection. Plaintiff, with his wife and two children, was

driving west on Alleman Road. Defendant, accompanied by his mother, was traveling north on Slater Road. The collision took place near the center of the intersection, the front of defendant's northbound car coming in contact with the left rear of plaintiff's westbound car. Plaintiff brings this action to recover for personal injuries and damage to his car. Defendant in his counterclaim asks for damages to his car.

The case was submitted to the jury and a verdict finding neither party entitled to recover returned. Plaintiff appeals, urging three propositions for reversal.

I. We will consider first plaintiff's proposition the court erred in admitting in evidence a resolution of the Board of Supervisors of Polk County and in giving an instruction based thereon.

Defendant offered in evidence Exhibit A, a photostatic copy of a resolution of the Board, certified in the name of the auditor by his deputy with the seal affixed. The resolution provided, in part: "* * * the following described highways shall be declared 'through highways' and all intersections of such 'through highways' shall be declared stop intersections, * * *: SLATER ROAD, from Alleman Road at SW cor. Sec. 17-81-24 north 3 miles to the Story County line."

Plaintiff stipulated to the identification of Exhibit A. His objection in pertinent part is: "* * * for the reason that the same is irrelevant and immaterial and no proper foundation has been laid * * *. With the state of the record as it presently exists it has no significance or probative value for the purpose of proving anything. * * *."

If we understand plaintiff's position completely he concedes Exhibit A is properly identified and admissible pursuant to section 622.60, Code of Iowa, 1958, which provides:

"The public seal of the state or county, affixed to a copy of the written law or other public writing, is admissible as evidence of such law or writing, respectively."

His objection is the resolution of the Board is not sufficiently connected with the intersection and the court should not take judicial notice the southwest corner of Section 17-81-24 coincides with the center of the intersection of Slater Road and Alleman Road.

 If the resolution is connected with the intersection the court was correct in taking judicial notice of the Section corner and the center of the intersection. Plaintiff, defendant and witnesses for each party, all living in the vicinity, refer to the east-and-west road as the Alleman Road, the north-and-south road as the Slater Road.

A highway patrolman called by plaintiff testified, "* * * on the fourth day of July, 1958, my duties included covering an accident four miles west of the little Town of Alleman, and four miles south of another town known as Slater. * * *." His other testimony conclusively shows he is referring to the accident intersection.

Dr. Wayne L. Severson, called by plaintiff, testified, "* * * I first saw him on that particular day four miles south of Slater at an intersection at the scene of an automobile collision. * * *."

Harold Alleman, called by plaintiff, testified, "* * * Exhibit 2 is the intersection where the accident occurred. That is 3½ miles west of Alleman with the Slater Road."

Plaintiff testified: "* * * The gravel road going west * * * intersects the Slater Road approximately 3½ miles west of the Town of Alleman."

Without reference to the names of the roads the intersection is located by the witnesses as 3½ miles west of Alleman and four miles south of Slater. The resolution not only uses the names as used by the witnesses, persons living in the immediate vicinity, but locates the north-and-south road by reference to the Section corner and three miles north to the Story County line. We can find no basis upon which to hold there is no connection between the testimony as to the location of the intersection and the resolution. The only step left to take in ascertaining the fact they refer to one and the same road (Slater) and the same intersection, the center of which is located at the southwest corner of Section 17-81-24, is to look at the map. The identity of the road and the location of the center of the intersection and the Section corner are geographical facts capable of immediate ascertainment and proper subjects for judicial notice.

 This court has held it is proper to take judicial notice

of geographical facts in each of the following cases: In Haines v. Board of Supervisors of Pottawattamie County, 243 Iowa 566, 52 N.W.2d 699, that the town of Carter Lake lies west of the Missouri River but within the State of Iowa. In Minnesota Valley Canning Co. v. Rehnblom, 242 Iowa 1112, 49 N.W.2d 553, an accident that occurred one mile west of Vinton is in Benton County and not in Story County. In Main v. Ellsworth, 237 Iowa 970, 23 N.W.2d 429, as to the location of the towns of Fairfax and Paris in Linn County and that Central City is about five miles from Paris. In Bahner v. City of Des Moines, 230 Iowa 13, 296 N.W. 728, that it is a matter of common knowledge the city of Des Moines embraces 56 square miles. In Fogg v. Holcomb, 64 Iowa 621, 21 N.W. 111, that Township 78 North, Range 32 West of the Fifth Principal Meridian is situated in Guthrie County. In Wright v. Phillips, 2 (Greene) Iowa 191, and Hypfner v. Walsh, 3 (Greene) Iowa 509, that United States Government surveys are public and within the judicial knowledge of all our courts.

The geographical facts in these cases as well as in the instant case are as stated in 9 Wigmore, Evidence, section 2571(3), "* * * capable of such instant and unquestionable demonstration, if desired, that no party would think of imposing a falsity on the tribunal in the face of an intelligent adversary."

The resolution was properly admitted. And the instruction, stating Slater Road from the center of the intersection with Alleman Road north was a through highway, was proper and based on the evidence.

II. The situation presented by the resolution commencing a through highway in the center of the intersection is at least unusual. Such a situation should not again confront motorists in this State.

The trial court instructed, "* * * it was the duty of the plaintiff to stop his vehicle before entering the through highway regardless of the presence or absence of a stop sign and to yield the right of way to any vehicle, if any, which had entered the intersection from the south or from the north or which was approaching so closely from the south or from the north as

to constitute a hazard, * * *" and did not submit plaintiff's specification of negligence that defendant approaching on the left had the duty to yield the right of way as required in section 321.319. (All Code references are to the 1958 Code.)

The question submitted is the applicability of section 321.319 and section 321.321. They provide:

"321.319 Approaching or entering intersections. Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way.

"The foregoing rule is modified at through highways and otherwise as hereinafter stated in this chapter."

"321.321 Entering through highways. The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute a hazard, but said driver having so yielded may proceed cautiously and with due care enter said through highway."

Plaintiff urges the court erred in so instructing because a duty to yield the right of way was imposed on plaintiff contrary to statute and defendant was relieved of a duty imposed by statute.

He argues both parties were traveling on intersecting county roads so their paths would intersect and there was danger of collision, so defendant approaching on plaintiff's left had the duty to yield the right of way under section 321.319. And defendant was not entering the intersection from a through highway or approaching so closely on a through highway as to constitute a hazard. Therefore he was not traveling on a favored highway entitling him to the benefits of section 321.321.

Defendant argues a through highway penetrates the intersection and to say the north half is controlled by section 321.321 and the south half by section 321.319 is to quibble. No authority is cited for this proposition and we have found none.

Plaintiff's duty as he approached Slater Road on the

north side of Alleman Road (there is no evidence to the contrary, and a fair inference from defendant's and plaintiff's testimony) was to stop before entering Slater Road and yield the right of way to vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute a hazard. This is true even though no stop signs were erected. Davis v. Hoskinson, 228 Iowa 193, 290 N.W. 497; and Turbot v. Repp, 247 Iowa 69, 72 N.W.2d 565. There was no evidence a vehicle had entered the intersection or was approaching from the north, the portion designated as a through highway. Defendant was approaching from the south not on a through highway. Plaintiff's duty to defendant was to have his car under control and operate it at a reasonable and prudent rate when approaching and traversing the intersection, section 321.288 (3), as well as to exercise reasonable care. Defendant had the same duty to plaintiff and in addition to yield the right of way if they were approaching the intersection so their paths would intersect and there was danger of collision. Section 321.319. The rule expressed in section 321.319 is of general application except as modified at through highways and as otherwise provided in chapter 321. Rogers v. Jefferson, 224 Iowa 324, 333, 275 N.W. 874. There is no modification of section 321.319 for drivers approaching an intersection when they are not approaching on a through highway. Section 321.321. It follows the instruction given placed a burden on plaintiff to yield the right of way to defendant which is not imposed on him by either section 321.321 or section 321.319. Plaintiff, under the evidence presented, was entitled to an instruction embodying the requirements of section 321.319. And he was entitled to have submitted to the jury the failure of the defendant to yield the right of way as a specification of negligence.

III. Plaintiff also urges the court erred in sustaining objections on his cross-examination of defendant. The situation arose in this manner. Defendant's mother testified defendant was traveling around 40 m.p.h. and such was his speed when she was with him. Plaintiff did not object to this testimony. Defendant testified he was traveling 40 to 50 m.p.h. and such

was his usual speed on a gravel road. Again plaintiff did not object. On cross-examination defendant was asked:

"Q. Now, you testified here under oath that 40 to 45 miles an hour is your usual method of driving and speed of driving. That is not so, is it? A. That is the truth.

"Q. Isn't it a fact that you have had some problems in the past because you won't hold your speed down to some reasonable rate?"

Defendant's counsel objected because it was argumentative, and immaterial to any issue. The objection was sustained. The question is argumentative in form and may have been definitely so depending upon the tone of voice and manner used by the cross-examiner. This is within the discretion of the trial court, and where no abuse of discretion appears we do not find error. Pond v. Anderson, 241 Iowa 1038, 1045, 44 N.W.2d 372, 376, 377, and citations; and Trachta v. Iowa State Highway Commission, 249 Iowa 374, 86 N.W.2d 849.

The evidence sought to be elicited would have tended to refute the testimony of defendant and his mother as to his driving habits. However, such testimony as to his careful driving is generally not admissible where the manner of his driving on this particular occasion has been covered in the testimony. Wigmore's Code of Evidence, Rule 37, article 2; 1 Conrad, Modern Trial Evidence, section 56, page 64; and Hamilton v. Boyd, 218 Iowa 885, 889, 256 N.W. 290. And by failing to object plaintiff cannot open this collateral field of inquiry. Basch v. Iowa Power and Light Co., 250 Iowa 976, 982, 95 N.W.2d 714, 717.

For the error pointed out in Division II the case is reversed and remanded for a new trial.—Reversed and remanded.

All JUSTICES concur except OLIVER, J., not sitting.