BERT MORMAN, Appellee, v. CITY OF EMMETSBURG, Appellant.

NEGLIGENCE: Proximate Cause—Circumstantial Evidence. Circum-
1   stantial evidence may be ample to show that a defect in question was
the proximate cause of an injury.

MUNICIPAL CORPORATIONS: Streets and Alleys — Negligence —
2   Failure to Take Safer Way. A traveler who has no knowledge that
the street upon which he is traveling is in a defective condition is
under no obligation to seek another avenue of travel.

APPEAL AND ERROR: Presentation and Reservation of Grounds—
3   Waiver. An assignment of error consequent on a remark by the
trial judge in the presence of the jury will be disregarded when made
for the first time on appeal.

*Appeal from Palo Alto District Court.*—D. F. COYLE, Judge.

DECEMBER 15, 1922.

REHEARING DENIED MARCH 17, 1923.

ACTION for damages for personal injuries resulting from the defective condition of the street of the defendant. The answer was a general denial. There was a verdict for the plaintiff for $2,000. The defendant appeals.—*Affirmed.*

*E. A.* and *W. H. Morling,* for appellant.

*McCarty & McCarty,* for appellee.

EVANS, J.—On December 11, 1920, the plaintiff was injured by a fall of his horse upon one of defendant's streets, known as Grand Avenue. The street was recently paved, and was apparently in a perfect condition. The plaintiff was riding his

horse upon it shortly before daylight on a frosty morning. His evidence tended to show that, while his horse was loping at a moderate pace, the horse was suddenly thrown by the tipping of a cover of a manhole upon which he had stepped. As a result of the fall, plaintiff was seriously injured. The manhole cover was defectively fitted into its place, so that it had frequently been displaced by the passing of vehicles over it. This condition was known to the city officials. It was not known to the plaintiff. No question is raised as to the amount of the verdict. The appeal is submitted here upon six errors assigned:

1. That the evidence was insufficient to show that the manhole cover was defective.

2. That the evidence was insufficient to show that this defect was the cause of the accident.

3. That the evidence was insufficient to show that the city officials were negligent in respect to such manhole.

4. That the plaintiff was guilty of contributory negligence as a matter of law, and that a verdict should have been directed for the defendant on that ground.

5. That the court erred in sustaining objections to certain evidence offered by the defendant tending to show that a safer route was available to the defendant, and that he failed to take the same.

6. That the court erred to the prejudice of the defendant in that he made the following statement to defendant's counsel in the presence of the jury:

"What did you build your pavement for, if you did not expect people to ride over it?"

The errors thus assigned present elementary questions. We see nothing to be gained by an extended discussion of any of them.

As to the first three errors assigned, an examination of the record satisfies us that the evidence was abundant to warrant a submission to the jury. The only infirmity in the evidence in that regard is that it was to some extent circum-

1. NEGLIGENCE: proximate cause: circumstantial evidence.

stantial, as to the immediate circumstances of the accident. The plaintiff's injury resulted in unconsciousness on his part. He testified directly to the circumstances leading up to the accident. He tes-

tified also that he heard the click of the horse's hoofs upon the metal cover of the manhole. This was the last circumstance to which he was able to testify. No other person was an eyewitness to the accident. Observers came soon to the rescue of the plaintiff. The testimony of these disclosed the condition of the cover of the manhole immediately after the accident. It was tilted out of position. The circumstances shown warranted the finding of the jury that its insecure condition had been the cause of the fall of the horse. It is without dispute in the record that this particular cover had been replaced repeatedly by city officials, following its displacement by the public travel thereover. The condition thus created rendered it imminently dangerous to all travel, and especially to the travel of horses. The excellent condition of the street in other respects naturally attracted travel, which only increased the chances of accident by reason of this particular defect.

As to the fourth error assigned, it would be difficult to say that the record discloses any evidence of contributory negligence; much less that it discloses such negligence conclusively as a matter of law.

As to the remaining errors, it is made to appear that the defendant introduced certain evidence and offered more, to the effect that the plaintiff could have taken a parallel street, which would have enabled him to avoid the manhole in question. This evidence was rejected as immaterial. Defendant offered no evidence that the plaintiff knew of the dangerous condition of the manhole in question, or that he knew of any danger upon the street in question, or that the other street was any safer. On the contrary, the other street was an unimproved street, and had its own defects, as appeared from the evidence. In the absence of knowledge by the plaintiff of the defective condition of the street upon which he was traveling at the point in question, he was under no obligation to seek another avenue of travel. He would naturally select the best and the most attractive to travel. The evidence offered at this point was clearly immaterial.

2. MUNICIPAL CORPORATIONS: streets and alleys: negligence: failure to take safer way.

In ruling upon this offer, the trial court made the remark quoted in the sixth error assigned, as above set forth. No ob-

jection was made nor exception taken to this remark at the

3. APPEAL AND
ERROR: pres-
entation and
reservation
of grounds:
waiver.

time, nor was any complaint thereof ever made to the trial court. No claim was made to the trial court that the remark was prejudicial, so far as disclosed by the record. No new trial was asked for on account thereof. This of itself is sufficient to forbid the defendant from now asking for a reversal on such ground. Whether under any circumstances the remark could have been prejudicial, we need not consider. The judgment below is, accordingly, affirmed.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.