WEST CHESTER SAVINGS BANK, Appellant, v. J. D. DAYTON et al., Appellees.

No. 42021.

OCTOBER 24, 1933.

Ralph H. Munro, for appellant.

Wagner, Hamilton & Updegraff, and Wilson & Wilson, for appellees.

CLAUSSEN, J.—The West Chester Savings Bank brought this action at law against the defendants on two promissory notes. The defendants are husband and wife, J. D. Dayton being the husband and F. M. Dayton being the wife. For the purpose of the present discussion it is sufficient to state that the petition contains only allegations usual in suits on promissory notes. The defendants answer separately. It is only necessary to note that the defendant F. M. Dayton denied under oath that the signature on the notes were written by her or by any one authorized by her to write them. The case was tried to a jury. The court directed the jury to return a verdict against J. D. Dayton for the amount due on the note and also directed a verdict in favor of F. M. Dayton. The bank appeals from the action of the trial court resulting in the judgment in favor of F. M. Dayton.

Preliminary to the discussion of the matters involved in the appeal, it may be well to state that the officer of the bank, who prepared the notes sued on and handled the transaction resulting in their execution, testified that the name F. M. Dayton was written upon the notes by J. D. Dayton. F. M. Dayton testified that she had never authorized her husband to sign her name to the notes and that she did not know that her name appeared on the notes until original notice of this action was served upon her approximately nine years after the execution of the notes.

The notes sued on bear date of March 2, 1923. On March 3, 1923, J. D. Dayton executed a written contract by which he agreed to convey a small tract of real property in the town of West Chester to the bank. The wife did not join in this contract. This contract is in evidence, but its terms are ambiguous and the full purpose of its execution is not disclosed by the record. There is no doubt, however, but what there was some relationship between the execution of this contract and J. D. Dayton's obligations to the bank. On December 19, 1923, J. D. Dayton executed a deed conveying this property. The name of the grantee was left blank. It appears certain that the deed was delivered to the bank. F. M. Dayton joined with her husband in the execution of this deed. She testified that the deed was given to the bank to pay the two notes

sued on; but in this connection it must be remembered that she also testified that she had no knowledge that her name appeared on the notes until notice of this suit was served, long after the execution of the deed. Appellant contends that the act of F. M. Dayton in joining with her husband in the execution of the deed is a recognition of the existence of the notes and of her liability thereon, and that in consequence of such recognition of liability, F. M. Dayton is answerable upon the notes notwithstanding the fact that her name may have been written upon the note without authorization. The contention of appellant cannot be sustained for the reason that the record establishes without dispute that at the time of the execution of the deed F. M. Dayton did not know that her name was on the notes. The signature of the wife was necessary to release her distributive interest in the property. There is nothing in the record to indicate that her signature on the deed had any other significance.

The deed above referred to was admitted in evidence. Prior to its admission F. M. Dayton admitted that the deed bore her genuine signature. Notwithstanding the fact that the officer of the bank who handled the transaction testified that the name F. M. Dayton was written upon the notes by her husband and that F. M. Dayton testified in effect that she did not sign her name to the notes, appellant contends that the admitted signature of F. M. Dayton on the deed which was in evidence raised a jury question as to whether the name F. M. Dayton appearing upon the notes was the signature of F. M. Dayton. Appellant relies upon Priorelli v. Guidi, 251 Mass. 449, 146 N. E. 770, and McColl v. Jordan, 200 Iowa 961, 205 N. W. 838, as sustaining its position. The facts in the cases relied upon readily distinguish them from the case at bar. There is no dispute as to who wrote the name F. M. Dayton on the notes. Appellant's officer swore the name was written by J. D. Dayton. But appellant contends that it is not precluded from showing that its officer was mistaken, and that the jury had a right to compare the admitted signature on the deed with the signatures on the notes, and was at liberty to find, from such comparison, that F. M. Dayton signed the notes. We do not have the signatures before us. There is nothing to suggest that the signatures bear any resemblance to each other. In a proper fact situation the appellant's contention might be tenable, but under the facts in the case at bar no reasonable person could entertain a doubt concerning the author of the signa-

tures on the notes. The case did not present a fact question for the jury as to whether the signatures were written by F. M. Dayton.

It appears, inferentially at least, that F. M. Dayton was interested as heir or legatee in the estate of one James Nelson. On the 7th day of November, 1931, she executed a conveyance of her interest, whatever that may have been, in the estate of said Nelson to her son for the recited consideration of $1 and other good and valuable considerations. The execution of this assignment by the said F. M. Dayton was established by the evidence and the assignment itself is in the record. At the time the assignment was executed a judgment in a sum in excess of $56,000 rendered against F. M. Dayton et al. was but partially satisfied, the deficiency thereon being in excess of $21,000. The appellant contends that the execution of the assignment by F. M. Dayton is an acknowledgment of her liability upon the notes sued on, the thought being that the assignment was voluntary and made for the purpose of putting the interest of F. M. Dayton in the estate beyond the reach of the bank. Appellant refers to the case of Harmon v. Haas, 61 N. D. 772, 241 N. W. 70, 80 A. L. R. 1131, and also refers us to statements contained in Corpus Juris to the effect that the alienation of property may, under certain circumstances, be admissible in evidence as an admission of liability. In a proper case the alienation of property may be relevant and material as an admission of liability. Relevancy of evidence is dependent upon probative value. There must be some logical relationship between the fact offered in evidence and the fact sought to be proved before the offered evidence is relevant. The undisputed facts in this case do not suggest any relationship between the notes and the assignment to the son. The assignment was of the personal interest of F. M. Dayton in an estate. She did not know that her name was on the notes sued on until after the assignment was executed.. In this situation it cannot be contended that the execution of the assignment, even though it be voluntary and without consideration, was an admission of a liability, concerning which she had no knowledge.

Appellant complains because the assignment was not admitted in evidence by the court. It is true that when the assignment was first offered in evidence objections to its admission were sustained by the court, but subsequently the court reversed its ruling and admitted the assignment in evidence. At the time the motion for a directed verdict was sustained in behalf of F. M. Dayton, the

court undoubtedly considered the assignment as part of the record. The assignment is in the record before us. In this situation no prejudice could possibly result to appellant even though the original exclusion of the exhibit was erroneous. Before passing from the subject, however, we may say that the exclusion of the exhibit was proper.

■ The original notes were introduced in evidence against the defendant J. D. Dayton, but objection to their admission as against F. M. Dayton was sustained by the court on account of the fact that the execution of the notes by her or by a person authorized to execute them in her behalf had not been established. In her answer, F. M. Dayton under oath specifically denied having signed the notes as well as the execution of the notes by any other person authorized to execute them in her behalf. The record indicates conclusively that the notes were not signed by her or by her duly authorized agent, and in this situation the action of the trial court was undoubtedly correct.

■ It has been noted that the action was based upon the promissory notes and that the allegations of the petition are in the form usually used in actions of that kind. Upon the trial of the case, appellant asked a number of questions, the purpose of which it now claims was to show that the proceeds of the notes were used for the benefit of F. M. Dayton. Under the issues made by the pleadings the information sought to be elicited by the questions was clearly immaterial and the action of the trial court in sustaining objection thereto was proper.

There remains but one further objection for consideration. It is that the court erred in sustaining the motion of F. M. Dayton to direct a verdict in her favor. This objection is based primarily upon matters which have been considered in detail. It is sufficient to say that this suit is brought against F. M. Dayton as a maker of two promissory notes and that the record establishes conclusively that she was not the maker of either of such notes. The action of the trial court in directing a verdict in favor of F. M. Dayton was clearly correct.

The judgment of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.