LLOYD MCKINNEY, Appellant, v. CLARK BROWN GRAIN COMPANY;
W. KEITH HAMILL, Intervener, Appellees.

No. 46192.

FEBRUARY 16, 1943.

Raymond E. Hanke, of Des Moines, for appellant.

Cross & Hamill, of Newton, for appellees.

MULRONEY, J.—Plaintiff brought this action against the defendant grain company for $104.46, with interest, for corn sold and delivered by the plaintiff to the defendant. Intervener in his petition of intervention asserted plaintiff was indebted to him on a promissory note in the amount of $93.97, with interest at seven per cent from and after June 15, 1938; that the note was secured by a chattel mortgage signed by plaintiff, his brother, and mother, covering this corn and other property; that he did not give consent to plaintiff to sell the corn upon which he had the mortgage lien and that on the day of sale he notified defendant of his lien and thereafter received the $104.97 from

the defendant. Intervener further alleged that he received from the sale of two horses and three cattle owned by the plaintiff and included in the chattel mortgage the sum of $132.73; that from the proceeds he paid off a prior mortgage to the Farm Security Administration in full, or $156.22, and applied the balance upon his note, which left a balance due intervener on the note of $18.79, with interest at seven per cent from April 19, 1939. Defendant filed an answer admitting the payment to intervener of the $104.97 and plaintiff filed a reply to the petition of intervention alleging in substance that at the time he executed and delivered the chattel mortgage to intervener, the latter orally promised that he would in no manner interfere with any agreements or arrangements made with the representatives of the Farm Security Administration relative to the payment of its obligation.

Upon these issues the case was tried to the court without a jury and the court rendered judgment in favor of the intervener and against the plaintiff for $20, the balance due on plaintiff's note to intervener, and $2.28 attorney's fee in favor of intervener's attorney.

It is unnecessary to comment upon all the evidence in the case for plaintiff complains of but one error. Plaintiff asserts that the trial court erred in sustaining intervener's objections to testimony as to a conversation had with the intervener, either about the security or anything else in connection with the signing of the chattel mortgage and note which he gave to the intervener.

We are referred to two places in the record where plaintiff asserts the court erred in sustaining objections. While plaintiff was on the witness stand his attorney asked him the following question:

"Now prior to the time that you gave Mr. Hamill this note and mortgage, did you have any conversation with him about the security or anything else in connection with it?"

A little later the following question was put to the same witness:

"Were all the matters affecting the property and the matters

as to the liens ahead of it referred to in that oral conversation which you said you had before the mortgage was signed, all put into the written instrument itself?"

To both questions the court sustained intervener's objections that the testimony was incompetent and an attempt to vary by parol testimony the terms of a written instrument.

We will consider both questions together and our first observation is that there was no offer of testimony. It is the settled rule of this court that where the record does not disclose what counsel expects to prove by a witness, or the question does not show the nature of the intended proof, then no prejudice is shown by a sustained objection. Pearson v. Butts, 224 Iowa 376, 276 N. W. 65; Arnold v. Livingstone, 155 Iowa 601, 134 N. W. 101. Moreover, it is clear from the record in this case that substantially the same questions were answered by this witness. After the court sustained the objection to the first question the attorney asked him:

"Did you discuss there, before these papers were signed, whether—how much you owed Mr. Hamill, and about making out the mortgage, and what the security was, and things of that kind?"

To this question, over objection, the witness answered in the affirmative.

Again, this same witness was asked the following question:

"Were the matters referred to in that conversation concerning the amount and the security and the liens ahead of the security and the agreements relating thereto reduced to writing and put in the mortgage itself?"

The witness answered in the affirmative, but later stated that he did not understand the question, and again he was asked:

"Do you know what was said in those conversations about the liens ahead of it and releases and all those things affecting the property?"

The witness answered in the affirmative and he was then asked:

"Do you know if all those things affecting the property was put into the mortgage?"

Objection was made to this question, which the court overruled, and the witness answered in the affirmative.

In view of this record of all the testimony, it seems clear that the witness did in fact give his testimony concerning the matters about which he was interrogated in the questions upon which plaintiff now predicates the claimed error. In this situation no prejudicial error results. Sonka v. Yonkers, 191 Iowa 599, 180 N. W. 876; Morrow v. Downing, 210 Iowa 1195, 232 N. W. 483.

We find no error sufficient to warrant a reversal of the case. Since the plaintiff complained of no other error in the trial below, the judgment in the district court is hereby affirmed. Intervener's motion to dismiss the appeal is overruled.—Affirmed.

All JUSTICES concur.