DURANT ELEVATOR CO., INC., et al., appellants, v. S. J. HOFFMAN & SONS, a partnership, appellees.

No. 52119.

September 20, 1966.

502

William L. Meardon, Ansel Chapman and Robert N. Downer, all of Iowa City, for appellants.

A. Wayne Eckhardt, of Muscatine, Betty, Neuman, Heninger & McMahon, Richard M. McMahon and Thomas F. Daley, Jr., all of Davenport, for appellees.

STUART, J.—Plaintiffs brought this action to recover damages for breach of warranty and negligent construction of four silos and for corn spoilage resulting therefrom. The law action was tried to the court who found for defendants. Plaintiffs have appealed alleging errors hereinafter discussed.

On March 27, 1959, plaintiff corporation, through its manager, Mr. Jacobs, the other plaintiff, contracted with defendants for the construction of four cement stave silos 24 feet in diameter and 70 feet high to store both wet and dry corn. After their completion in August 1959, plaintiff corporation began filling them with dry corn under the Commodity Credit program. In June 1960, a government inspector found the corn in three silos "out of condition" and ordered 2500 bushels shipped out of each. At a subsequent inspection in January 1961, the corn in the silos was found to be in such bad condition the entire contents was ordered shipped out. Plaintiff corporation claimed the spoilage was due to outside moisture penetrating the walls and top of the silo. Defendants claimed the loss was due to poor warehouse techniques on the part of the corporation's employees. The trial court found defendants were not liable in negligence or breach of warranty and that the loss was due to poor warehousing. In any event, "the evidence as to damage to the corn shown by this record is so confusing and conflicting that it is impossible for the court to make even a reasonable estimate as to the amount of damages".

I. At the time of the construction of the silos and the alleged damages, Mr. Jacobs owned 50 percent of the corporation stock. In July 1961, he sold his stock to the other owners. At this time he purchased the silos in question from the corporation for the full contract price paid defendants. The corporation

is not claiming damages to the silos, but only loss for the grain stored therein. At the start of the trial, defendants moved that Jacobs be removed as a party for the reason that the cause of action arose while the silos were owned by the corporation and that a subsequent purchase did not give him a cause of action without an assignment of the chose in action, which was not alleged.

Jacobs then asked leave to amend to allege an oral assignment. Objection was made that an oral assignment was not permissible under the statute of frauds. The trial court indicated this was the law but reserved ruling until they "were able or unable" to produce evidence of a written assignment. Authority was presented that held an oral assignment was permissible. Seymour v. C. Aultman & Co., 109 Iowa 297, 298, 299, 80 N.W. 401, 402; Estes v. Chicago, B. & Q. Railway, 159 Iowa 666, 669, 141 N.W. 49, 50. At the close of plaintiffs' evidence, the trial court ruled the amendment was not timely and refused to permit it. This ruling is alleged to be error.

█ The trial court has broad discretion in permitting or denying an amendment to the pleadings under rule 88, Rules of Civil Procedure. Unless there is an abuse of discretion we will not interfere, although we encourage the trial courts to permit the amendments. Robinson v. Home Fire & Marine Ins. Co., 244 Iowa 1084, 1089, 1090, 59 N.W.2d 776, 779, 780; Russell v. Chicago, Rock Island and Pacific R. Co., 251 Iowa 839, 844, 102 N.W.2d 881, 885; Mundy v. Olds, 254 Iowa 1095, 1101, 120 N.W.2d 469, 473.

█ Plaintiff Jacobs recognizes this rule but claims the discretion was abused in the instant case. The petition was filed June 19, 1962. Present counsel entered the case May 29, 1964. Trial commenced August 6, 1964. Jacobs had severed his relationship with the corporation about one year prior to the filing of the lawsuit and the lawsuit had been pending over two years prior to trial. The court was within its discretion in refusing to permit the amendment.

In any event there was no prejudice resulting in view of trial court's findings that the plaintiffs had failed to prove either negligence or breach of warranty as alleged. This finding is

504

binding on us if there is substantial evidence to support it in the record. Authorities need not be cited. Rule 344(f)1, R. C. P. Plaintiffs do not claim there is no support for such finding.

II. Plaintiffs claim the trial court erred in excluding certain testimony of expert witnesses.

■ Merrill Garden was not permitted to testify as to the weathertightness of the structures. He was, however, permitted to express an opinion based upon his personal inspection and certain assumptions "as to the suitability of these silos for the storage of corn". He responded:

"Would be my opinion that the corn would spoil in this structure, in these structures.

"Q. Mr. Garden, in specific response to the question, would the structure be suitable for the storage of corn, under the assumptions that I gave you? A. No."

We are unable to see how any prejudice resulted to plaintiffs from the court's ruling on the question of weathertightness. Weathertightness was important only in determining whether these structures were suitable for the storage of corn. The expert was permitted to answer this question. Assuming it was error not to permit the expert to express his opinion on weathertightness, it would not be reversible error because witness was permitted to answer other questions establishing the same fact. Jaeger v. Hackert, 241 Iowa 379, 392, 41 N.W.2d 42, 50.

■ Mr. Wagner of Stanley Engineering Company of Muscatine was permitted to testify the silos would not be weathertight, but was not permitted to testify as to the cause of the cracks which he observed. Any error here was not preserved with an offer of proof and is not grounds for reversal. Grosjean v. Spencer, 258 Iowa 685, 695, 140 N.W.2d 139, 145.

Mr. Nesterenko also of Stanley Engineering Company was first not permitted to testify as to weathertightness, but later on testified: "There were cracks through the whole structure and, in my opinion, these structures were not weathertight on the date of my examination." Jaeger v. Hackert, supra.

■ He was not permitted to testify as to the cost of repairing the silos to make them weathertight. There is serious ques-

tion whether he qualified himself as an expert in cost analysis since references were to Stanley Engineering Company rather than himself. In any event, there would be no reversible error as this matter went to the question of damages and the trial court found against plaintiff on the question of liability. The exclusion of evidence which, if received, could not have changed the result is not prejudicial error. Rutten v. Investors Life Ins. Co., 258 Iowa 749, 758, 140 N.W.2d 101.

Plaintiffs urge their experts were restricted to the conditions existing at the time of their examination. This may be accepted as true for the purposes of this discussion. There was evidence the silos, with certain exceptions, were the same as in 1961 when the corn was stored. This would permit the trier of fact to infer if they were not weathertight now they were not weathertight in 1961. The trial court did not decide the case on plaintiffs' failure to prove the present condition of the silos did not represent their condition in 1961. In fact, the trial court in his opinion stated these three witnesses testified the silos were not weathertight and that Garden testified they were not suitable for storing corn but found as a matter of fact under all the evidence that plaintiffs had failed to prove by a preponderance of the evidence that the silos were of defective construction. There was expert testimony for defendant which contradicted these witnesses. His finding is amply supported by the evidence as is his second finding that plaintiffs failed to prove such defects, if they existed, were the proximate cause of the corn spoilage.

■■ III. Plaintiffs argue the court erred in refusing to permit plaintiffs to introduce into evidence a sample of spoiled corn taken from the silos. Without reaching the merits of the alleged error, we determine error, if any, to have been without prejudice. It is conceded the evidence was cumulative. Defendants did not contend there was no spoilage. Undisputed testimony proved the spoilage. The court found much of the corn had spoiled. The exclusion of evidence tending to show a certain fact is not reversible error when the fact in question is fully established by other admitted evidence. Rodskier v. Northwestern Mutual Life Ins. Co., 216 Iowa 121, 125, 126, 248 N.W. 295, 298.

IV. Plaintiffs also urge the court erred in rendering judgment for defendants on their counterclaim. Their position is based on the alleged errors previously discussed. Since we have held there were no reversible errors, there was no error in deciding the counterclaim.

For the reasons stated above, we affirm.—Affirmed.

All JUSTICES concur.