**KENGORCO, INC., d/b/a Restaurant China & Hotel Supply, Appellee,**

**v.**

**Vince JORGENSON, Appellant.**

No. 53376.

Supreme Court of Iowa.

April 7, 1970.

William Pappas, Mason City, for appellant.

Brown, Dresser & Kinsey, by David E. Funkhouser, Mason City, for appellee.

LARSON, Justice.

Kengorco, Inc., d/b/a Restaurant China & Hotel Supply, plaintiff in an action at law, asked judgment against the defendant, Vince Jorgenson, in the sum of $2,727.25 as the purchase price balance due for equipment furnished in connection with a bar installation in Clear Lake, Iowa. By counterclaim defendant asked damages in the sum of $5,690, of which $3,190 was for failure to furnish the quantity and quality of equipment contracted for under a written agreement and $2,500 for loss of profits for failure to deliver the equipment within the time agreed upon. The cause was tried to the court without a jury. Pursuant to trial, plaintiff's motion to direct a verdict on the counterclaim was sustained and judgment was rendered on plaintiff's claim against defendant in the sum of $2,546.25 together with interest from August 26, 1964, and costs. Defendant appeals. We affirm.

In its findings of fact the trial court found that on or about October 2, 1963, the parties entered into a written agreement, evidenced by Exhibit A, whereby the defendant agreed to purchase from plaintiff certain equipment to be installed and used in Clear Lake for a liquor sales

business, that the total purchase price of $5,500 was payable, $1,500 down, $2,000 upon delivery, and the balance of $2,000 within 30 days after completion. It further found there was no definite or specified time for delivery in the written agreement, that delivery was dependent upon the plaintiff's ability to get the equipment from others, but that plaintiff's representative orally promised delivery as soon as possible, indicating that this would be within six or eight weeks. The court found further that it was impossible to obtain and deliver all of the equipment, but that plaintiff delivered as much as it could secure and as promptly as possible, that it billed the defendant for only the equipment furnished, that he accepted, used, and is still using that equipment. It is not disputed that there is substantial evidence to support these findings.

The court further found the prices and values fixed for the items purchased, and billed to defendant, are the fair and reasonable value of the items furnished under the agreement, and that plaintiff is entitled to recover therefor with one exception. Some areas of the bar which were to be covered with formica, but were not, necessitated an expenditure of $181 by defendant. This expense was found reasonable, entitling defendant to a credit for that performance failure.

The court concluded that under plaintiff's claim it was entitled to recover the sum of $2,546.25 together with five per cent interest per annum from August 26, 1964, and that defendant failed to sustain his counterclaim. Judgment was rendered accordingly. If there is substantial evidence in the record to sustain these findings of the trial court, they are binding upon us. Rule 344(f) (1), R.C.P.

However, in his assignment of errors appellant contends (1) a fair trial was not afforded him due to the court's prejudice and general attitude during the entire case; (2) the trial court erred in refusing to permit certain testimony as to the time within which delivery of the equipment was to be made; (3) it erred in refusing certain testimony as to the difference between the equipment furnished and that bargained for; (4) it erred in refusing certain testimony as to the value of defendant's own property; (5) it erred in refusing certain defendant evidence of expense in putting the installation in the condition required by the contract; (6) it erred in refusing defendant testimony that he could not open his bar as planned because of plaintiff's failure to deliver the equipment ordered; and (7) it erred in refusing to permit evidence of loss of profits because of delay in the delivery of this equipment. Our consideration of these assignments will not necessarily be in that order. In fact, we shall consider the first assignment last, since it is based on a general claim of failure to provide a fair trial.

To better understand the problems presented, it must be made clear that defendant's defense to the written agreement was that plaintiff failed to furnish equipment of the quality set forth therein, and that his counterclaim is based upon plaintiff's failure to furnish such equipment within the time agreed upon when the parties negotiated the original agreement. Since both issues were being considered in the trial, some confusion arose to the relevance and materiality of certain testimony when objections were made. In an effort to understand these objections, the trial court asked many questions and at times seemed to lose patience with the defendant. Appellant contends these interrogations compel a finding of prejudice on the part of the court.

Appellee seems to concede that some court rulings on admissibility were incorrect, but maintains, since it does not appear that they resulted in prejudice to the offended party, they are harmless, not reversible error.

I. Defendant's somewhat inconsistent testimony, apparent lack of candor, inappropriate remarks to the court, and gen-

eral lack of persuasive evidence, together with a failure to sharply put in focus the theory of his case and the purposes for which certain evidence, when objected to, was proffered, culminated in making a rather confused record and made rulings upon the objections difficult. It must be conceded some rulings were erroneous. In such instances it is not unreasonable to believe defendant failed to adequately apprise the court of the purpose for which his evidence was being introduced, and we find no error therein.

In any event, as we have indicated, any error in the exclusion of evidence is harmless error where the same evidence is subsequently admitted and considered by the finder of fact or the court. This well-established rule is not disputed by appellant, but he feels he was prejudiced by the effect of those rulings upon his counsel. This contention is also without merit. As bearing on this matter, see West Chester Savings Bank v. Dayton, 217 Iowa 64, 250 N.W. 695; McKinney v. Clark Brown Grain Co., 232 Iowa 1235, 7 N.W. 2d 798; Cardamon v. Iowa Lutheran Hospital, 256 Iowa 506, 513, 128 N.W.2d 226, 231. In the latter case we said: "There is no error in excluding evidence of a fact otherwise fully established or where the evidence is subsequently admitted."

Although confusion prevailed between counsel and the court during the interrogation of defendant as a witness and during the offer of proof, it cannot justify a failure to complete the record or a claim of reversible error at this late date because defendant claims he felt handicapped by some of the court's rulings. At the time he took no exceptions to court participation.

Patience and clarity would no doubt have resolved most of the misunderstandings here, but it appears neither the defendant nor the court always exhibited those admirable qualities on this occasion.

II. It is the general rule that the exclusion of evidence tending to show a certain fact is not reversible error when the fact in question is fully established by other admitted evidence. Durant Elevator Co. v. S. J. Hoffman & Sons, 259 Iowa 500, 505, 145 N.W.2d 25, 28; Rodskier v. Northwestern Mutual Life Ins. Co., 216 Iowa 121, 125, 126, 248 N.W. 295, 298. A claimed error in excluding testimony affords no ground for reversal where the error was not preserved by offer of proof. Durant Elevator Co. v. S. J. Hoffman & Sons, supra, and Grosjean v. Spencer, 258 Iowa 685, 695, 140 N.W.2d 139, 145.

In his direct examination the defendant Jorgenson was not permitted to testify as to the oral understanding regarding the time of delivery under the contract, as to the value of his own personal property, as to his expense in putting the bar installation in the condition prescribed in the contract, as to the reason for the delay in opening his bar, and as to his resulting loss of profits. However, the record discloses that in cross-examination Mr. Jorgenson *did* testify that plaintiff's representative Kovich told him he could deliver the equipment in approximately 30 days, and denied he was told plaintiff would do his best to get delivery as soon as possible. He admitted that Kovich *did not* guarantee a 30-day delivery and did not put the time of delivery in writing. Defendant testified that all the equipment was not delivered in eight weeks, that he did not cancel the order for tables and chairs, did not receive them, and was not billed for them. Eventually he said he bought them elsewhere in February, 1964. On redirect examination he testified at Kovich's suggestion he obtained the tables, table bases, chairs, bar stools, and coolers from other sources after it appeared they were not available from plaintiff's supplier. The record discloses this did not delay the opening December 1, 1963.

Although the parol evidence rule is not violated by oral testimony which bears

upon the intent of the parties to a written agreement that fails to spell out the time of performance (H. P. Andreas & Son v. Hempy, 224 Iowa 561, 276 N.W. 791), where such evidence as to this understanding by defendant is admitted subsequent to its wrongful refusal, no prejudice occurs. Cardamon v. Iowa Lutheran Hospital, supra, 256 Iowa 506, 128 N.W.2d 226.

■ We are satisfied defendant's testimony as to the parties' original intention in regard to time of delivery was before the court, was duly considered by it in resolving those factual disputes, and no reversible error resulted by refusing defendant's direct testimony in that regard.

When defendant attempted to testify as to his opinion of the fair and reasonable value of the merchandise received, plaintiff's objection to such testimony as irrelevant and immaterial, not constituting a proper defense, was sustained. It was pointed out to the court that, since defendant had accepted and put to use in his business the merchandise delivered under the agreement, he was therefore liable for the purchase price reflected in the invoices accompanying the equipment, less any credit for expenses incurred in installation, and that the reasonable value of the equipment accepted was not the basis of defendant's obligation.

■ It is well established that if, after due inspection by the purchaser and with full knowledge that the goods were not of the kind ordered, the purchaser accepts and uses the same, he may not plead defects as a defense to the demand for payment in accordance with the purchase agreement. A. Y. McDonald Co. v. Morrison, 211 Iowa 882, 885, 886, 228 N.W. 878; Advance-Rumely Thresher Co. v. Wharton, 211 Iowa 264, 271, 233 N.W. 673, 675, 77 A.L.R. 1153. Also see 77 C.J.S. Sales §§ 203, 223, 224, 225.

■ Exhibit A lists the equipment and describes it, and sets the total price at $5,-500. It appears some of the listed equipment was not sent, and the refrigerator was refused and returned to the factory. No serious complaint was made as to the merchandise received and used. When it appeared defendant had to install some formica on the bar to conform with the bar shown him in Minneapolis, his claim therefor was considered and he was given $181 credit on his account. Although appellant does not seriously argue the point, he does complain that he was not permitted to testify that he expended roughly $100 for material and labor to install the formica and put the bar in the condition represented at the time he purchased it. In any event, in his offer of proof defendant did testify as to the value of the bar, stating it was $25 a foot. We find no reversible error in this assignment. Although generally one may testify as to the value of his own property in establishing its reasonable market value, that measure of value was not applicable here, and plaintiff's objection was properly sustained. Of course, the fact that it was sustained for an improper reason does not aid defendant or call for a reversal.

■ Finally, appellant contends reversible error occurred when he was not permitted to testify that he could not open his bar because of the delay by appellee in fulfilling his agreement to furnish the equipment in 30 days. The court ruled defendant had failed to establish a foundation for this testimony in that he failed to show he had a liquor license before the time the equipment was delivered. Although we find in his offer of proof sufficient evidence that defendant had a liquor license prior to December 1, 1963, the error, if any, was harmless error. Since the court did consider defendant's time of delivery claim and found as a matter of fact it was not sustained by the evidence, we must agree with the trial court's conclusion that plaintiff did not violate the contract in that regard.

■ Furthermore, we cannot find in this record any evidence as to loss of profits during the alleged period of delay. The

only evidence offered by defendant was as to his gross sales for a 30-day period and the overhead expenses for that time. It showed a loss, not a profit. As bearing on claimant's burden in this regard, see Vojak v. Jensen, Iowa, 161 N.W.2d 100, 106.

Appellant concedes his offer of proof fell far short of showing the reasonable loss of profits due to the alleged delay, but complains that he was not given a fair chance to make the required showing. We agree no such showing was made, but are not convinced it was the fault of the trial court.

III. Appellant's contention that he was deprived of a fair trial by reason of prejudice and misconduct of the trial court cannot be sustained. Appellee argues this claim is predicated upon matters not properly before the court for review, and asserts, if they are, it cannot be fairly inferred from the record as a whole that defendant was deprived of a fair trial by reason of any prejudice or misconduct of the trial court. We must agree.

A careful examination of the record reveals that defendant took no exceptions to the court's remarks at the time of trial and made no motion for a new trial. He complains of them for the first time in this appeal and has failed to preserve for review any issue in this respect. See State v. Dobbins, 152 Iowa 632, 641, 132 N.W. 805, 808, 42 L.R.A.,N.S., 735; State v. Fiedler, 260 Iowa 1198, 1203, 152 N.W.2d 236, 240. In 5 Am.Jur.2d, Appeal and Error, § 622, it is stated: "The ordinary rule that complaints of trial errors must be raised and reserved below before they will be considered on review has frequently been applied to instances of complaint based on conduct or statements of the trial judge in the course of the trial. * * * Error of the trial judge in interrogating witnesses is waived by failure to interpose an objection thereto at the time or to note an exception, or by failure to raise the question in the motion for a new trial. The failure to except to remarks by the court regarded as prejudicial has been held not excused because of the belief of counsel that to make objection would make a bad matter worse * * *." Also see Verschoor v. Miller, 259 Iowa 170, 143 N.W.2d 385; Morman v. City of Emmetsburg, 195 Iowa 627, 191 N.W. 156.

For these reasons we would ordinarily give no consideration to this assignment. However, because of our concern with the implication that attaches to the administration of justice under such circumstances, the complaint made requires comment. Some instances cited by defendant where he believed misconduct occurred do reflect court impatience to an extent we do not condone. We do not favor unnecessary dialogue between the court and a witness. We are not concerned here with the possible effect the court's remarks may have on a jury. Although this is important in determining whether prejudice resulted from the court's behavior, the judge must make every effort to refrain from any conduct which could be interpreted as being biased, even in cases tried to the court.

We have carefully examined the instances cited where defendant believes misconduct occurred and, although, as stated, some of them do reflect court impatience, we must assume that the court was seeking either clarification of defendant's testimony or the object of the interrogation. On some of these occasions it is obvious the court was confused as to the purpose of the testimony. In any event, we cannot agree that under this record a new trial is required or that prejudice and misconduct can be fairly inferred from the trial court's remarks and rulings herein. Although it cannot be said that this was a perfect trial, we cannot say it was not a fair trial, and must therefore affirm.

Affirmed.

All Justices concur except MASON, J., who takes no part.