STATE of Iowa, Appellee,

v.

Terry Edward QUITT, Appellant.

No. 54819.

Supreme Court of Iowa.

Feb. 21, 1973.

Donald W. Sylvester, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Onawa, James F. Gaukel, Mapleton and Steven E. Allen, County Atty., Onawa, for appellee.

Heard by MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Defendant, charged by county attorney's information with the crime of murder, was tried to a jury, convicted of murder in the second degree, sentenced, and now appeals.

Defendant relies upon one error only to justify reversal; he contends the giving of a verdict-urging instruction after the court had been informed by the foreman of the jury that the jury was deadlocked, constitutes coercion when the same resulted, as claimed by defendant, in a verdict a short time thereafter. He asserts the giving of the so-called "Allen" charge after the jury reported it was deadlocked is *ipso facto* coercive and constitutes reversible error, and further contends the verdict-urging charge should be rejected and the standards proposed by the American Bar Association adopted.

 Trial of the case commenced on Monday, November 16, 1970, and on that date a jury was selected and a recess was taken until the morning of November 17. The balance of that week to approximately noon on Friday, November 20, was taken up with the introduction of evidence. The trial was then recessed until Monday, No-

vember 23. After arguments of counsel and the reading of the instructions to the jury, the jury retired to deliberate upon its verdict at 12:17 p. m. The jury continued to deliberate throughout that day [November 23] and, save and except for time taken up for meals, was in its process of deliberation until 9:03 p. m. that evening, when the jury was permitted to separate, after admonition by the court, and was directed to return at 9:30 a. m. the following day. The jury reconvened at 9:39 a. m. on November 24, and continued its deliberation until 3:19 p. m. in the afternoon of that date, when the court called the jury to the courtroom and asked all of the members of the jury if they were deadlocked. The court then directed the jury to retire to its jury room and to advise the court through its foreman whether or not it considered itself hopelessly deadlocked.

Thereafter the court received a written message from the foreman of the jury in which he advised the court, "We cannot decide. Do we have to have a unanimous vote that we are deadlocked? Foreman." The court thereupon conferred with counsel and, with the acquiescence of counsel, advised the jury in writing that a unanimous conclusion the jury was hopelessly deadlocked would not be required.

At 4:53 p. m. on November 24, the court called the jury to the courtroom and in writing gave to it the instruction plaintiff now complains of on this appeal. The instruction is the uniform instruction developed by the Uniform Instruction Committee of the Iowa Bar Association and identified as Uniform Instruction 1.1. At 9:03 p. m., the jury returned its verdict finding defendant guilty of murder in the second degree.

From the above, all of which is excerpted from the record, it is apparent the jury was in deliberation *in toto* from the time it first retired to deliberate on its verdict shortly after noon on November 23 until the verdict was returned at 9:03 p. m. on November 24, a total elapsed time of 20 hours 12 minutes. This elapsed time, of course, does not include the time the members of the jury were permitted to separate and go to their homes, but is inclusive of any times taken off from the deliberative process for meals.

The total elapsed time between the giving of the verdict-urging instruction and the return of the verdict was 3 hours 52 minutes, a part of which time the jury was presumably partaking of an evening meal.

I. This court has addressed itself to the question of the propriety of the giving of verdict-urging instructions heretofore. We have said the trial court has considerable discretion in determining whether it should be given and that each case must be decided on its own circumstances. State v. Kelley, 161 N.W.2d 123, 126 (Iowa 1968).

We have also said the ultimate test is whether the giving of a verdict-urging instruction forced or helped to force an agreement, or merely started a new train of real deliberation which ended the disagreement. Coulthard v. Keenan, 256 Iowa 890, 897, 129 N.W.2d 597, 601; State v. Kelley, *supra*, 161 N.W.2d at 126.

II. The record here does not suggest coercion. In fact, it rather demonstratively negatives it. The fact the jury deliberated 3 hours 52 minutes following the giving of the verdict-urging instruction (which elapsed time included time out for the evening meal), indicates the jury gave additional consideration to the record before a verdict was reached.

Further, while the deliberation was lengthy, there is no suggestion the physical needs and comfort of the members of the jury were not adequately provided for. The jury was permitted to separate, and its members allowed to go to their own homes overnight from the time it was recessed at 9:03 p. m., November 23, until it resumed deliberations at 9:39 a. m., November 24.

Trial court committed no reversible error in giving the verdict-urging instruction in this case. Support for our conclusion is found in Coulthard v. Keenan, *supra,* and cases therein cited, and State v. Kelley, *supra*, and citations.

The judgment of the trial court is affirmed.

Affirmed.