STATE of Iowa, Appellee,

v.

Wayne Edward **ROBINETTE**, Appellant.

No. 55677.

Supreme Court of Iowa.

March 27, 1974.

Fairall & Fairall, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Ronald M. Kayser, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, HARRIS and Mc-CORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of operating a motor vehicle while under the influence of an alcoholic beverage. His two assignments are addressed to inquiries made of the jury by the trial court during deliberations and to instructions. We affirm.

There was ample evidence to produce a jury question on the elements of the offense. Defendant offered evidence tending to explain away the State's showing of erratic driving and his inability to perform balance tests. The issues were sharply joined. The jury may well have encountered difficulty in agreeing the State met its burden to show intoxication beyond a reasonable doubt.

I. The jury advised it was deadlocked after three hours of deliberating. The trial court summoned counsel and advised them of his intent to call the jury back into the courtroom. Before the jury was called counsel were directed by the trial court to make no comments in their presence. No prejudice is claimed by reason of this direction. After the jury was reconvened in open court the following occurred:

"THE COURT: I understand that you are having difficulty arriving at a verdict?

"FOREMAN: Yes.

"COURT: How many ballots have you taken?

"FOREMAN: Two.

"COURT: I see.

"COURT: Have you considered taking another one?

"FOREMAN: No, Your Honor. The feelings were advised rather clearly without a ballot. I don't think another ballot would have been necessary.

"COURT: I see. What kind of division are we talking about, one to eleven, six to six, nine to three? Can you answer that in numbers?

"FOREMAN: The last ballot, the division was ten to two."

At the end of this conversation the court gave the verdict-urging "Allen" instruction. 45 minutes later the jury returned a verdict of guilty.

On oral submission of this appeal defendant's counsel offered two rather broad concessions. He does not complain of the form of the verdict-urging instruction itself. Neither does he complain of the fact it was given. See State v. Quitt, 204 N.W.2d 913 (Iowa 1973). He admits the trial court's admonition against comments extended only to the time counsel were in the presence of the jury. He concedes he was free to object to the action of the trial court immediately after the jury again retired for deliberations. Indeed counsel expresses the belief he did so. But we are presented no record of any such objection or protest. The reporter's transcript is silent on the subject. No bystander's affidavits were submitted. We must assume no objection was made until after the verdict was reached.

■ Defendant's first assignment is limited to the inquiry made of the status of deliberations just before the Allen charge was given. Any error was waived by defendant's failure to object at the time or as soon as the jury again retired. Defendant was not free to await the outcome of the trial before electing to object. See Kengorco, Inc. v. Jorgenson, 176 N.W.2d 186 (Iowa 1970); Morman v. Emmetsburg, 195 Iowa 627, 191 N.W. 156; State v. Dobbins, 152 Iowa 632, 132 N.W. 805. Defendant is therefore not free to claim error in the court's inquiry into the status of deliberations. But see Brasfield v. United States, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345; Hodges v. United States, 408 F.2d 543, 554 (8 Cir. 1969); and Jacobs v. United States, 279 F.2d 826 (8 Cir. 1960).

II. Defendant requested 11 instructions and objected to various ones given by the trial court. For the most part the trial court patterned its instructions on the Iowa Uniform Jury Instructions of the Iowa State Bar Association. We find no error.

■ The trial court, in instructing on defendant's presumption of innocence, employed language which included the statement " * * * this presumption of innocence goes with him throughout the trial and *protects him from a conviction* until his guilt has been established * * *." (Emphasis added) Defendant argues the words "protects him from a conviction" suggest a burden of proof on the part of defendant. We do not believe any such inference can be deduced.

■ Defendant challenges various other instructions on the claim of vagueness or lack of precision. These complaints are without merit. Instructions are considered as a whole and not piecemeal. State v. Lynch, 197 N.W.2d 186 (Iowa 1972). A party cannot complain if instructions fail to emphasize circumstances favorable to him. This is precisely what instructions should avoid. If an instruction covers the legal principles involved, as they are raised by the facts in the case, the trial court has the right to choose its own language to best accomplish that purpose. Osterfoss v. Illinois Central Railroad, 215 N.W.2d 233 (Iowa 1974) and authorities. The judgment of the trial court is

Affirmed.

All Justices concur, except RAWLINGS, J., who concurs specially.

RAWLINGS, Justice (concurring specially).

I concur in the result because trial errors were not preserved for appellate review.

I must, however, voice strong disapproval of the in-course-of-deliberations questioning of the jury by trial judge as to the numerical standing of jurors on a verdict. See Brasfield v. United States, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926); Jacobs v. United States, 279 F.2d 826, 828–832 (8th Cir. 1960).

Furthermore, I respectfully adhere to the position taken in the dissent in State v. Kelley, 161 N.W.2d 123, 127 (Iowa 1968), regarding the giving of a post-submission verdict-urging instruction, commonly referred to as the "Allen" or "dynamite" charge.